UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.  Case Nos.:  1:20cr14/AW/MAL
 1:23cv50/AW/MAL

MARK DAVID LAFRENIER,
 Defendant.

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Mark David LaFrenier's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. ECF No. 42. The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

After careful consideration of the motion, the record, the relevant law, and the Government's response, I recommend the § 2255 motion be denied without an evidentiary hearing. LaFrenier's claim is procedurally defaulted and he has not shown cause to excuse the procedural default because his arguments are without merit.

## I. BACKGROUND

On June 24, 2020, a federal grand jury charged LaFrenier with knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). ECF No. 1. The indictment listed 17 prior felonies. LaFrenier pled guilty on October 26, 2020. ECF Nos. 25-27.

According to the Presentence Investigation Report (PSR), LaFrenier's total offense level was 17 and his criminal history category was VI, yielding an advisory guidelines range of 51 to 63 months. ECF No. 31.

LaFrenier was in primary state custody at sentencing due to numerous pending state felony charges. ECF No. 47 at 6, 9. Defense counsel urged the court to run LaFrenier's federal sentence "concurrent to any yet-to-be-imposed state sentence" noting that the circumstances of some of the outstanding state court cases--the gun being stolen and possessed in connection with another offense (aggravated assault)—were incorporated into the guidelines calculations as enhancements. *Id.* at 5, 14; *see* ECF No. 31, PSR ¶s 20, 21, 73. Counsel also advised the court that the state's attorney intended to proceed on the state cases, irrespective of what happened in the federal case. ECF No. 47 at 6. Finally, counsel characterized the conduct underlying the pending state charges as "related" to the instant case in the sense that

everything took place "within the time frame of [LaFrenier's] abusing methamphetamine and certainly as a result of that choice" and while "he was on the same drug bender as he was in this particular case." *Id.* at 8, 15.

In contrast, the Government urged the court to impose a sentence at the top of the advisory guidelines range, if not an upward variance. It cited LaFrenier's continuous criminal conduct and extensive criminal history, which scored him 29 criminal history points, well over the 13-point threshold necessary for Category VI. ECF No. 47 at 9, 13.

The court imposed a "modest upward variance" of 72 months and ordered the sentence to run consecutive to any state sentence that was imposed. ECF No. 47 at 15. It balanced the nature and number of LaFrenier's prior convictions and the circumstances of this case with the his mental health and drug abuse issues and apparently genuine remorse. *Id.* at 16-17. The court specifically stated as to the "issue of consecutive versus concurrent, I do find that consecutive is appropriate in this case" even without knowing what would happen in the state cases. *Id.* at 17-18.

The court advised LaFrenier of his appellate rights, but LaFrenier did not appeal. ECF No. 47 at 20. Judgment was entered on March 4, 2021, and the clerk

received LaFrenier's undated § 2255 motion on February 28, 2022. Thus, it is timely filed.

## II.    DISCUSSION

LaFrenier raises a single ground for relief in his motion. He complains the court acted unreasonably and without regard to U.S.S.G. § 5G1.3 when it ordered his federal sentence to run consecutively to a yet-unimposed state sentence. He emphasizes he does not object to the length of the six-year federal sentence, but merely to the fact that it is to run consecutive to his state sentence, resulting in what he believes is an "unreasonable" punishment. ECF No. 42 at 6-7.

### A. Procedural Default

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014). A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

Motions to vacate an illegal sentence under § 2255 are not a substitute for direct appeal and issues raised therein are subject to the doctrine of procedural

default. *Granda v. United States*, 990 F.3d 1272, 1280, 1286 (11th Cir. 2021). That doctrine bars a defendant from obtaining postconviction relief based on an argument that he could have raised earlier, such as on appeal. *Seabrooks v. United States*, 32 F. 4th 1375, 1384 (11th Cir. 2022); *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011); *Lynn v. United States,* 365 F.3d 1225, 1234 (11th Cir. 2004); *Bousley v. United States*, 523 U.S. 614, 621 (1998). If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused. *Seabrooks,* 32 F. 4th at 1384 (citing *McKay*, 657 F.3d at 1196)). To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) actual innocence. *Id.*; *Granda*, 990 F.3d at 1286. The Government may waive the defense of procedural default, although it has not done so in this case. *See* ECF No. 48 at 14-15.

To show cause sufficient to excuse a procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344. LaFrenier has not established, or even attempted to establish, cause for not

raising this issue on direct appeal, for instance by alleging counsel failed to file an appeal upon request.

LaFrenier's claim could be liberally interpreted as incorporating an assertion that counsel was constitutionally ineffective for not raising before the district court the arguments he now presents. To show trial counsel was constitutionally ineffective, a defendant must establish (1) his attorney's representation fell below "an objective standard of reasonableness," and (2) a reasonable probability exists that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant bears the burden of proof and "both prongs must be proved to prevail." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). It is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy. *Harrington v. Richter*, 562 U.S. 86, 111 (2011). Counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Hollis v. United States,* 958 F.3d 1120, 1124 (11th Cir. 2020); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Dale v. United States*, 809 F. App'x

727, 728 (11th Cir. 2020). If counsel is alleged to have failed to make a particular argument, a defendant must identify the errors or omissions of which he complains and explain how they affected the outcome of the proceedings. *Boyd*, 697 F.3d at 1333.

As will be shown below, to the extent LaFrenier seeks to excuse his procedural default through a showing of ineffective assistance of counsel, he cannot do so. Counsel's performance was not constitutionally deficient, and LaFrenier suffered no prejudice. Therefore, his claim is procedurally defaulted.

### B. Ineffective Assistance of Counsel/Merits of LaFrenier's Claim

On May 4, 2021, after his March 1, 2021, sentencing in this case, LaFrenier pled nolo contendere in Alachua County, Florida to two counts of Burglary of an Occupied Dwelling (each of which carried a mandatory sentence of fifteen years), and one count each of grand theft auto and grand theft (each of which carried a five-year term of imprisonment). *See* ECF No. 42 at 6; Alachua County Case Nos. 2020CF1363, 2020CF1382, and 2020CF1377.[1] He was sentenced accordingly, with all sentences to run concurrently with each other. *Id.* The two state cases that

---

[1] *See* https://fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=R48870&TypeSearch=AI

supported guideline enhancements in this case as relevant conduct were dismissed. *See* Alachua County Case 2020CF1939 (Grand Theft of a Firearm) (*see* PSR ¶s 20, 77) and Alachua County Case 2020CF1376 (Aggravated Assault and Possession of a Firearm by a Felon) (PSR ¶s 21, 73).[2]

The basic premise of LaFrenier's argument is the district court's imposition of the consecutive six-year sentence, without knowing or taking into account the length of the unimposed state sentence, resulted in an unreasonable punishment. ECF No. 42 at 5. LaFrenier appears to suggest that in circumstances such as those presented in this case, the federal judge is tasked with determining an appropriate *combined* sentence for all pending state and federal charges, and the judge must impose a federal sentence that reflects this. *See id.* However, the sum of the sentences imposed in federal and state court—in this case six years plus fifteen years--is not attributable solely to the conduct giving rise to the federal charges. Rather each separate sentence reflects what the presiding tribunal found to be appropriate punishment based on the facts and circumstances presented to it. LaFrenier's sentences reflect two distinct punishments: six years' imprisonment for his

---

[2] Case 2020CF1376 (Aggravated Assault) was dismissed before LaFrenier's federal sentencing, on July 27, 2020, and Case 2020CF1939 (Grand Theft of a Firearm) was dismissed on May 4, 2021. *See* https://www.alachuaclerk.org/court_records.

possession of a firearm (and related conduct) and fifteen years' imprisonment for the two burglaries of an occupied dwelling (and the grand thefts). Otherwise stated, the conduct punished by the federal and state sentences punishes separate "wrongs," despite defense counsel's valiant attempt at sentencing to show the conduct underlying all LaFrenier's federal and state cases was "related."

The district court was aware the state charges were pending when it imposed sentence and it specifically found a consecutive sentence to be appropriate. ECF No. 47 at 4-6, 17-18. It distinguished LaFrenier's possession of the firearm from the unrelated burglary and grand theft offenses in reaching its conclusion that an above-guidelines, consecutive sentence was appropriate. *Id.* at 17-18. The record contains no indication of anything counsel could or should have done to alter this well-supported conclusion.

LaFrenier relies heavily on the policy statement contained in § 5G1.3(d)[3] of the Sentencing Guidelines. This policy statement provides in a case involving an undischarged term of imprisonment, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the

---

[3] LaFrenier mis-cites this section as § 5G1.3(c). ECF No. 42 at 8.

instant offense." U.S.S.G. § 5G1.3(d). LaFrenier asserts both that defense counsel never raised the issue of the court's discretion under U.S.S.G. § 5G1.3(d) to run his sentence either consecutively or concurrently and the district court "failed to recognize its discretion" under U.S.S.G. § 5G1.3. ECF No. 42 at 5. He is mistaken in both respects. Albeit without citing § 5G1.3, defense counsel indeed advocated for a concurrent sentence. ECF No. 47 at 14. The court rejected this request, noting the conduct underlying the state burglary and theft charges was not "related conduct" and "the concurrent sentence seems like a lift." *Id.* at 15. Although the court also did not cite U.S.S.G. § 5G1.3, the court's comments clearly reflect it recognized its obligation and authority to decide whether a consecutive or concurrent sentence was appropriate.[4]

---

[4] The court stated:

> The issue of consecutive versus concurrent, I do find that consecutive is appropriate in this case. I don't know what's going to happen in the other things, obviously, but those were separate crimes that may have been related in the sense that it was the same sort of drug-induced frenzy, but the possession of this gun in this instance is not the same as, you know, the burglary of the fraternity house, the burglary of the young woman's apartment. I guess two grand theft—three grand theft autos in that – excuse me – two grand theft autos and then the burglaring that we talked about, so I think a consecutive sentence is appropriate there.

ECF No. 47 at 17-18.

Next, to the extent LaFrenier intended to rely on U.S.S.G. § 5G1.3(c), his claim is also without merit. Section 5G1.3(c), which is not designated as a "policy statement," provides:

> If . . . a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2) or (a)(3) of § 1B1.3 (Relevant Conduct), the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment.

U.S.S.G. § 5G1.3(c). As noted above, the two Alachua County cases that were characterized as relevant conduct in support of the 2-level and 4-level enhancements (PSR ¶s 20, 21) were dismissed. One might argue that the court erred because at the time of LaFrenier's sentencing, Case 2020CF1939 (Grand Theft of a Firearm) was still pending, and thus the court should have imposed a concurrent sentence under U.S.S.G. § 5G1.3(c) because Case 2020CF1939 was possibly an "anticipated" state sentence.[5] PSR ¶ 77. However, any error was harmless because this case was subsequently dismissed on May 4, 2021, and LaFrenier suffered no prejudice.

Lastly, LaFrenier argues his sentence was not "reasonable" under U.S.S.G. § 5G1.3. He makes three points in support of this position. First, he maintains the

---

[5] The undersigned notes although there was no record indication the state attorney did not intend to pursue Case 2020CF1939, the district court's recitation of the pending state charges did not include a reference to this case. *See* ECF No. 47 at 17-18.

imposition of a six-year sentence that will run consecutively to a fifteen-year sentence is unreasonable because it exceeds the federal statutory maximum of ten years imprisonment under 18 U.S.C. § 922. As above, this argument ignores that the two sentences were imposed for separate, unrelated conduct. The district court imposed a lawful, reasonable sentence for the conduct before it. That LaFrenier had engaged in additional unrelated criminal conduct for which he would also be punished does not mean he deserved a "lift" in this case. Absent the additional unrelated offenses, the two burglaries, grand theft and grand theft auto, LaFrenier's total sentence would have been only six years.

      Second, LaFrenier argues that a conviction for possession of a firearm by a convicted felon under Florida law would have carried a term of only three years imprisonment, and third, he claims had the gun charge not been severed from the other state charges, his sentence on the gun possession charge would have run concurrent to the other state sentences. The fact that one jurisdiction may impose a stiffer penalty than another for the same conduct does not in and of itself render the sentence "unreasonable." Adding to this the court's legitimate concerns about LaFrenier's robust criminal history as well as the specific facts of this case,

LaFrenier cannot show he was prejudiced by counsel's failure to present this argument.

## III. CONCLUSION

An evidentiary hearing is not necessary to resolve LaFrenier's claim because "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015). LaFrenier's lone claim is procedurally defaulted due to his failure to raise it on appeal. And, he has not shown cause sufficient to excuse the procedural default, because not only was his attorney's performance well within the standards set forth by *Strickland*, but also, he cannot show he was prejudiced by any alleged errors or omissions. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (ECF No. 42) be **DENIED**.

2. A certificate of appealability be **DENIED**.

At Gainesville Florida on August 31, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.